No. 824. WILLARD DAIRY CORP. *v.* NATIONAL DAIRY PRODUCTS CORP. C. A. 6th Cir. Certiorari denied. *Kenneth Thornton* for petitioner. *Richard F. Stevens* for respondent.

MR. JUSTICE BLACK, dissenting from the denial of certiorari.

Ordinarily I do not file dissents from denials of certiorari. But this is far from an ordinary case. The action of the Court in denying certiorari is almost as shocking to me as the arbitrary manner in which the trial judge shut off every effort of petitioner to amend its complaint so as to invoke a right granted by a federal statute and to have its case fully tried on sworn evidence rather than summarily disposed of on affidavits and preliminary papers.

Petitioner, a local dairy having a single plant in Ohio, filed this action against respondent, a large national company operating in interstate commerce, seeking treble damages under the Robinson-Patman Act, which outlaws discriminations in price between purchasers of commodities of like grade and quality where any of the purchases involved are in interstate commerce. The complaint charged that respondent, selling from a plant at Shelby, Ohio, had damaged petitioner by cutting milk prices where it competed with petitioner but not cutting prices elsewhere in Ohio. The complaint did not, however, allege any price discrimination which involved sales across state lines. Petitioner then asked the court to allow it to amend its complaint to show that, although respondent cut prices for intrastate sales where it competed with petitioner, it did not cut prices for sales made in interstate commerce. It seems clear to me that this amendment would have brought petitioner's case within the protective provisions of the statute. Nevertheless the trial judge twice rejected petitioner's efforts to add this simple

but necessary factual allegation. His right of recovery being thus threatened with permanent destruction by the judge, petitioner moved to dismiss his case without prejudice in order that he would be able to file a new suit upon payment of the costs of the first. The trial judge, however, refused even to allow petitioner orally to argue the merits of his motion and rendered summary judgment, dismissing the case so as to bar petitioner from ever bringing another suit. The trial judge saw fit to ignore Rule 15 (a), which says that leave to amend "shall be freely given when justice so requires." This and the other Federal Rules "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley* v. *Gibson,* 355 U. S. 41, 48 (1957). The Federal Rules were meant to prevent just the sort of technical and arbitrary action that took place below. The frustration of statutory rights by harsh and unjustifiable procedural rulings is wholly out of place in an enlightened system of jurisprudence.

Moreover, I think the result below is irreconcilable with this Court's decision in *Moore* v. *Mead's Fine Bread Co.,* 348 U. S. 115 (1954), in which we said that the Robinson-Patman Act condemns the monopolistic practice under which profits made in nondiscriminatory interstate transactions are used to offset losses arising from discriminatory price cutting at the local level. I believe that the Court of Appeals in the present case misconstrued both the statute and *Moore* when it held that respondent's interstate shipments "from other than its Shelby, Ohio, plant" were wholly "immaterial" to this case. Refusing to grant certiorari here means that this Court is allowing the economic resources and staying power of an interstate company to be used with impunity to destroy local competition, precisely the sort of thing, the Robinson-Patman

Act aimed to prevent. The present case presents an important question of price cutting by interstate business with local plants, each of which services largely a local area but all of which draw on the economic power of the national operation. Judgments like the one left standing here make it difficult indeed for small, independent, local companies to survive against the predatory assaults of their larger and more powerful interstate competitors. I would grant certiorari.