**Sylvester WATTS, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 85–89C.

United States Claims Court.

June 21, 1989.

---

Sylvester Watts, Montgomery, Ala., pro se.

Katherine A. Day, Washington, D.C., with whom was Acting Asst. Atty. Gen. Stuart E. Schiffer, for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This military disability compensation suit is before the court upon defendant's motion to dismiss. Defendant asserted that the statute of limitations barred plaintiff's claim for military disability entitlements and that the court lacked jurisdiction over plaintiff's claims for Veterans' Administration benefits and Social Security benefits.

1. A Physical Evaluation Board (PEB) is a division of the Department of the Navy's Disability Evaluation System (DES), governed by 10 U.S.C. §§ 1201–21 (1982). In 1959, the Disability Separation Manual (DSM) outlined the implementation of pertinent actions. When a PEB found a marine temporarily unfit for active duty, the marine was placed on the Temporary Disability Retired List (TDRL) for five years maximum. If the marine's condition did not improve, he was either separated or permanently retired. However, if the marine did recuperate and was deemed fit to return to active duty, he would be

Moreover, defendant opposed plaintiff's motion for certification of a class suit.

## FACTS

On January 14, 1958, plaintiff enlisted in the United States Marine Corps. Two weeks later, plaintiff was hospitalized with what was thought to be pneumonia, but was subsequently diagnosed as inactive tuberculosis. Plaintiff was, however, successfully treated and returned shortly thereafter to active duty. One year later, plaintiff re-entered the hospital and was diagnosed as suffering from pulmonary tuberculosis, which might have been aggravated by his activities as a marine. After a review of plaintiff's medical record, a Physical Evaluation Board (PEB)[1] deemed plaintiff unfit for further military service, assigned him a 100% disability rate, and placed him on the Temporary Disability Retirement List (TDRL). Simultaneously, the PEB acknowledged the distinct possibility that plaintiff's condition might improve, whereupon plaintiff could be asked to reenlist. 10 U.S.C. § 1202 (Supp. III 1982). While on the TDRL, plaintiff applied to the Board of Veteran Appeals (BVA) for disability benefits based on his tubercular condition. The BVA, in turn, granted plaintiff a 30% disability rating, emphasizing that the derivative monthly payments were the result of an inflammation of the tuberculosis, and not the ailment itself, which they found antedated plaintiff's enlistment.

While on the TDRL, plaintiff was subject to periodic review by a Physical Review Council (PRC) to ascertain whether or not plaintiff could return to active duty. After one such review on September 24, 1962, the PRC determined plaintiff was fit to reenlist.[2] Plaintiff disputed this finding and

asked to reenlist for active assignment. If the marine objected to reinstatement, the United States Marine Corps could discharge him without disability compensation. 10 U.S.C. §§ 1202, 1210, 1211.

2. According to the DSM, when an enlisted member on the TDRL was determined fit to return to an active status, a PRC was required to reevaluate that person's health report. The PRC was the third, and customarily the ultimate review level delineated by the DES. When the PRC determined that the member's status had

brought his contentions before the PEB that had initially determined his eligibility. The PEB denied plaintiff's assertions, finding that plaintiff's tubercular condition had not been aggravated by his membership in the Marine Corps. The PRC, affirming the PEB's verdict, recommended that the Secretary of the Navy remove plaintiff's name from the TDRL and afford him the opportunity to reenlist. 10 U.S.C. § 1211(b)(3) (1982). On June 30, 1963, after refusing to reenlist, plaintiff was discharged from the Marine Corps.

No official response to the Secretary's action was heard from plaintiff until August 21, 1985, when plaintiff sought compensation from the Board for Correction of Naval Records (BCNR) for an alleged back injury. At that same time, plaintiff amended his petition to challenge the 1963 PEB finding that his tuberculosis was not worsened by military service. In February of the following year, the BCNR, concurring with the PEB's advisory opinions, found that plaintiff should not be granted military disability compensation, nor should plaintiff's records be altered to indicate that marine service had exacerbated his tuberculosis. Disgruntled with the outcome, plaintiff filed suit in the United States District Court for the Middle District of Alabama against the United States Marine Corps, the Department of the Navy, and the Veterans' Administration, seeking military disability compensation, "special monthly compensation under 38 U.S.C. § [314] 324(q)," and "additional damages" of an unspecified sum. The district court dismissed the complaint for lack of subject matter jurisdiction on July 28, 1987. Plaintiff appealed the court's decision, and in addition included an additional claim for social security disability benefits. The United States Court of Appeals for the Eleventh Circuit affirmed the lower court's decision on the previously dismissed claims and refused to hear the social security claim since it had been raised for the first time on appeal. Thereafter, plaintiff filed

a petition for a writ of certiorari with the United States Supreme Court, which petition was denied. Plaintiff then filed a complaint in this court, to which defendant responded with a motion to dismiss.

## DISCUSSION

When scrutinizing cases such as this where a party has filed a motion to dismiss for lack of subject matter jurisdiction, the facts alleged in the complaint are regarded as unequivocal. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Air Products and Chemicals, Inc. v. Reichhold Chemicals, Inc.*, 755 F.2d 1559, 1562 n. 4, (Fed.Cir.), *cert. denied*, 473 U.S. 929, 106 S.Ct. 22, 87 L.Ed.2d 700 (1985). If it is even slightly conceivable that the non-movant may prevail on the basis of the facts presented in his complaint, the motion to dismiss the complaint must be refused. *Scheuer*, 416 U.S. at 236, 94 S.Ct. at 1686. Defendant, in its motion to dismiss, argued that the statute of limitations barred plaintiff's disability claims and that the court lacked subject matter jurisdiction to rule on plaintiff's claims for additional benefits.

Before the court may consider the merits of a given case, it must ascertain whether it has proper jurisdiction over the action. *Northern Indian Housing & Dev. Council v. United States*, 12 Cl.Ct. 417, 420–21 (1987). Defendant's first contention dealt with a statute of limitations bar, a matter of sovereign immunity. There is no dispute that the United States is immune from suit except where it acquiesces to litigation. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). "[T]he terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit," *id.*, and any waiver of the government's sovereign immunity is to be strictly construed in favor of the government. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986); *Ruckelshaus*

---

changed and the member disagreed with such a finding, the PEB could reconsider the case. Once the PEB had reached a conclusion, the case would be resubmitted to the PRC, which

provided recommendations to the Secretary of the Navy, who in turn, disposed of the case. DSM ¶ 0510.

*v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *McMahon v. United States,* 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951).

The applicable statute of limitations to this case provides that "[e]very claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (1982). In matters of military disability compensation, a cause of action arises when the proper board has acted finally or declined to act on the decision of entitlement. *Friedman v. United States,* 159 Ct.Cl. 1, 13, 310 F.2d 381, 389 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). Applying this maxim to the case at hand, plaintiff's cause of action accrued in 1963, the date of the final PEB decision, at which time he had "adequate notice of his potential entitlement to disability retirement pay so that he [could] and should [have brought] suit within six years." *Id.,* 159 Ct.Cl. at 29, 310 F.2d at 398. Plaintiff brought this complaint in 1989, twenty-five years after his cause of action had accrued. Because plaintiff failed to file a timely claim, plaintiff's complaint must be dismissed. While it could be argued that plaintiff's claim accrued in 1985, the date of his application to the BCNR, an application to the BCNR is merely a permissive means of redress; it does not toll or revive the statute of limitations. *Hurick v. Lehman,* 782 F.2d 984, 986–987 (Fed.Cir.1986). Furthermore, review by the BCNR does not classify plaintiff's claim as a new cause of action. Plaintiff has unquestionably missed his court date, which should have been arranged at least ten years ago.

Likewise, the court must dismiss plaintiff's other claims. Plaintiff's claims against the Veterans' Administration alleging that he was entitled to greater recompense than awarded to him by the Board of Veteran Appeals is not subject to judicial review pursuant to 38 U.S.C. § 211 (1982).[3] Nor may this court entertain claims to review decisions affecting Social Security disability assistance since such claims fall within the United States District Court's domain. 42 U.S.C. § 405(g) (1982).[4] Finally, pursuant to RUSCC 23 which outlines the requirements for bringing a class action, plaintiff's request that his action be a certified class action is without foundation. Plaintiff has not identified the class, indicated why class certification is sought, nor has he defined the grounds upon which class certification may be justified.

### CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss is granted pursuant to RUSCC 12(b)(1). The Clerk is directed to enter judgment accordingly. Costs.

IT IS SO ORDERED.

---

3. The stipulations of the Veterans' Judicial Review Act–Veterans' Benefits Improvement Act of 1988, Pub.L. No. 100–687, 102 Stat. 4105 (1988), provide for review of specific decisions of the Board for Veterans' Appeals by a newly devised Court of Veteran Appeals and are not applicable to the 1960 decision of the board opposed here.

4. Additionally, plaintiff did not exhaust the administrative remedies available for such a cause of action prior to filing suit in this court. 42 U.S.C. § 405(g) (1982).