**Al Mark GOLD, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 557–89C.**

United States Claims Court.

April 11, 1990.

**130**

Donald R. Roberts, Hot Springs, Ark., for plaintiff.

John S. Groat, with whom were Asst. Atty. Gen. Stuart M. Gerson, David M. Cohen, Director, and Thomas Petersen, Asst. Director, Washington, D.C., for defendant.

## ORDER

ANDEWELT, Judge.

This military pay case is before the court on defendant's motion to dismiss the complaint on the grounds that this action is barred by the statute of limitations, 28 U.S.C. § 2501. For the reasons set forth below, defendant's motion is granted and the complaint shall be dismissed.

In his complaint, plaintiff, Al Mark Gold, seeks redress for his dishonorable discharge in 1946 from the United States Air Force. Plaintiff alleges that at the time of his discharge, he was physically and mentally incapacitated and therefore unable to understand effectively the charges against him. In addition, plaintiff alleges that he was ineffectively represented by counsel and that his discharge "was caused by undue command influence." Plaintiff seeks a declaratory judgment that his discharge was void and of no effect, and a court order mandating plaintiff's restoration in the United States Air Force with attendant back pay and privileges.

In its motion to dismiss, defendant argues that the six-year statute of limitations set forth in 28 U.S.C. § 2501 began to run at the time of plaintiff's discharge in 1946. Defendant notes that the statute of limitations ordinarily commences to run when a plaintiff is "armed with the facts about the harm done to him." *United States v. Kubrick*, 444 U.S. 111, 123, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979). Defendant contends that plaintiff cannot be spared from the running of the statute of limitations by alleging mental incapacity because plaintiff demonstrated adequate mental capacity by twice petitioning the Air Force Board for Correction of Military Records (the Board) in the 1960s. *See Goewey v. United States*, 222 Ct.Cl. 104, 107, 612 F.2d 539, 541 (1979).

■ In his response, plaintiff does not allege that the running of the statute of limitations was tolled based on his mental incapacity. Rather, plaintiff makes two distinct arguments. First, plaintiff argues that defendant is precluded from raising a defense that the statute of limitations had expired because defendant did not raise the issue in a timely manner. But a contention that the statute of limitations has run goes to the subject matter jurisdiction of this court, *Soriano v. United States*, 352 U.S. 270, 273, 77 S.Ct. 269, 271–72, 1 L.Ed.2d 306 (1957), and a party may raise an attack on a court's subject matter jurisdiction at any time. 2A J. Moore, J. Lucas & G. Grotheer, Jr., *Moore's Federal Practice* ¶ 12.23 at 12–201 to –205 (2d ed. 1989).

■ Second, plaintiff argues that since the Board issued a final decision in 1986 on a petition filed by plaintiff, the complaint herein should be deemed timely because it was filed within six years of the Board's decision. But while certain courts have held that proceedings before a correction board are significant when assessing whether the statute of limitations has run, *see, e.g., Dougherty v. United States Navy Board for Correction of Naval Records*, 784 F.2d 499, 501 (3rd Cir.1986), the Court of Appeals for the Federal Circuit, whose precedent is binding on this court, has adopted a contrary view. *Hurick v. Leh-*

*man,* 782 F.2d 984, 987 (Fed.Cir.1986). In *Hurick,* the court explained:

The appellant argues that the statute was tolled for the period in which his applications for relief were pending before the Correction Board. As appellant conceded in the district court, however, the Court of Claims has rejected that theory and has held that resort to a Correction Board is a permissive (rather than a mandatory) step, which does not suspend the running of the statute. [*Wilson v. United States,* 231 Ct. Cl. 958 (1982)]; *Eurell v. United States,* 566 F.2d 1146, 215 Ct. Cl. 273 (1977); [*Kirby v. United States,* 201 Ct. Cl. 527 (1973), *cert. denied,* 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974)]. Although the appellant urges us to follow contrary decisions of other circuits, under [*South Corp. v. United States,* 690 F.2d 1368 (Fed.Cir.1982)], we follow the decisions of our predecessor courts.

In an attempt to avoid the precedents of the Court of Claims, the appellant argues that he is challenging not his discharge from the Navy but only the refusal of the Correction Board to give him relief from that discharge. The Claims Court has rejected that theory on the ground that the failure of the Correc-tion Board to set aside a military discharge does not give rise to a separate and independent claim, since that action is merely ancillary to the discharge that the former serviceman is seeking to change. *Cf. Friedman v. United States,* 310 F.2d 381, 159 Ct. Cl. 1 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). No matter how the appellant seeks to frame his claim, in the final analysis he is challenging his discharge, and his attempt to do so was untimely.

*Hurick* is controlling herein and demands that this action be dismissed.

### Conclusion

For the reasons set forth above, defendant's motion to dismiss is granted and the Clerk of the Court is directed to dismiss the complaint. No costs.

IT IS SO ORDERED.