**Clifton R. POLITE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 91–1022C.**

United States Claims Court.

Dec. 2, 1991.

Chuck R. Pardue, Augusta, Ga., for plaintiff.

Catherine A. Christman, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for defendant. Lieutenant Colonel W. Gary Jewell and Captain Jill M. Grant, Dept. of the Army, of counsel.

## OPINION

MARGOLIS, Judge.

This military pay case is before the court on defendant's motion to dismiss. Plaintiff Clifton R. Polite (Polite) was convicted by a special court-martial on July 12, 1980. The convening authority subsequently imposed a sentence different from that originally imposed and Polite appealed. Following denial of his appeal to the Judge Advocate General, Polite applied to the Army Board for Correction of Military Records (Board) for removal of the record of court-martial conviction. Polite filed suit in this court after the Board denied his application. The United States has moved to dismiss, contending that Polite's action is barred by the statute of limitations. After careful review of the record, and after hearing oral argument, this court grants defendant's motion to dismiss.

## FACTS

On July 12, 1980, a special court-martial convicted Clifton R. Polite, formerly a sergeant first class in the United States Army, of several violations of the Uniform Code of Military Justice. As part of the sentence, the panel initially ordered that Polite's rank be reduced from grade E7 to E5 and that the sentence be suspended for six months. However, because only a convening authority, rather than a panel, can actually suspend a sentence, the panel resentenced Polite, reducing his grade to E6 and recommending to the convening authority that the sentence be suspended for six months. The convening authority approved Polite's sentence on September 15, 1980, but chose not to suspend the reduction in grade. Polite eventually retired

from the army at the E6 grade in December 1981.

Polite appealed his conviction to the Judge Advocate General, and after losing the appeal in March 1981, applied several times to the Board for removal of the record of conviction by the special court-martial. The Board denied Polite's application in May 1983. Polite filed suit in this court on March 18, 1991, asking that the findings of the court-martial be set aside and that he be awarded the difference between the active duty and retirement pay he received at the E6 level and such pay at the E7 level, attorneys' fees and costs.

## DISCUSSION

■ Defendant seeks dismissal, contending that Polite's claim under the Tucker Act is time-barred because he did not bring it within the six year limitations period of 28 U.S.C.A. § 2501 (West Supp.1991). Polite counters by making two arguments. First, he asserts that the statute of limitations should be tolled for the period in which he sought administrative relief. As defendant notes, this argument must fall because the precedent of this court, as well as that of the Court of Claims and Federal Circuit, has uniformly held that resort to a permissive administrative remedy, such as the Board, does not suspend the running of the statute of limitations. *See Hurick v. Lehman*, 782 F.2d 984, 987 (Fed.Cir.1986); *Eurell v. United States*, 566 F.2d 1146, 1147–48, 215 Ct.Cl. 273, 276 (1977); *Gold v. United States*, 20 Cl.Ct. 129, 130–31 (1990).

■ Second, Polite maintains that the continuing claim doctrine applies in this case to preserve his claim.[1] Defendant, however, points to authority it maintains rejects the validity of the continuing claim doctrine. *Hart v. United States*, 910 F.2d 815, 818 (Fed.Cir.1990) (panel decision); *Sankey v. United States*, 22 Cl.Ct. 743, 746–47 (1991); *contra Acker v. United States*, 23 Cl.Ct. 803, 805–06 (1991) (ruling

that the Claims Court is bound to apply the continuing claims doctrine). Although *Sankey* appears to construe *Hart* as overturning *Cosgriff* and the continuing claims doctrine, this court notes that the Federal Circuit can overturn the precedent of the Court of Claims only when sitting *en banc. See South Corp. v. United States*, 690 F.2d 1368, 1370 n. 2 (Fed.Cir.1982) (*en banc*); *Acker*, 23 Cl.Ct. at 806. Nevertheless, regardless of whether the continuing claim doctrine survives in this circuit, Polite does not satisfy its requirements.

■ With the backdrop that the Court of Claims has construed the continuing claim doctrine narrowly, *see Waite v. United States*, 230 Ct.Cl. 731, 733 (1982), *cert denied*, 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983), a case must satisfy two characteristics to fall within the doctrine's scope. First, the subject matter of the claim must not be one which Congress has entrusted to an administrative officer or tribunal for a determination of claimant's eligibility for the pay sought. Second, the case should involve narrow factual issues and should not involve the exercise of expertise and discretion. *See Cosgriff*, 387 F.2d at 391–92, 181 Ct.Cl. at 733–34; *Friedman v. United States*, 310 F.2d at 384–85, 159 Ct.Cl. at 6–7.

■ Polite's case clearly does not meet the demands of the first prong; in article 69(b), Uniform Code of Military Justice, 10 U.S.C. § 869(b), Congress granted the Judge Advocate General the authority to review special court-martial convictions and take remedial action "on the ground of newly discovered evidence, fraud on the court, lack of jurisdiction over the accused or the offense, error prejudicial to the substantial rights of the accused, or the appropriateness of the sentence." Polite availed himself of his statutory remedy, but was unsuccessful. Polite also had access to the convening authority and Board, two tribunals that arguably can be considered ad-

---

1. Under the continuing claim doctrine, periodic pay claims, which accrue at each successive pay period, may be brought if they fall within the statute of limitations. *See Cosgriff v. United States*, 387 F.2d 390, 391–92, 181 Ct.Cl. 730, 733–

34 (1967); *Friedman v. United States*, 310 F.2d 381, 384–85, 159 Ct.Cl. 1, 6–7 (1962), *cert. denied sub nom. Lipp v. United States*, 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963).

ministrative tribunals under the first prong. Because Polite's case does not satisfy the first prong, the continuing claim doctrine could not apply in this case even if it remains the law of this circuit.[2] As a result, Polite's case is barred by the statute of limitations, since he filed suit beyond six years from the date of the accrual of his claim.[3]

## CONCLUSION

For the foregoing reasons, this court grants defendant's motion to dismiss. The clerk will dismiss the complaint. No costs.

---

2. Because Polite's case does not meet the demands of the first prong, this court need not decide whether his case satisfies the second prong.

3. This court need not decide whether that date is September 15, 1980, the date the convening authority ordered the reduction in Polite's grade, March 1981, the date the Judge Advocate General denied his appeal, or May 1983, the date the Board denied his application, because Polite filed suit in this court beyond six years from any of those dates.