**BROWN PARK ESTATES–FAIRFIELD DEVELOPMENT COMPANY et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 94–788C.

United States Court of Federal Claims.

Nov. 29, 1995.

Harry J. Kelly, Peabody & Brown, Washington, DC, for plaintiffs; Charles L. Edson of counsel.

John E. Kosloske, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, with whom were Frank W. Hunger, Assistant Attorney General, and David M. Cohen, Director, for defendant.

## OPINION

MARGOLIS, Judge.

This case involves an alleged breach of contract by the United States acting through the Department of Housing and Urban Development ("HUD"). Plaintiffs, providers of low income housing under the Section 8 Housing Assistance Payments Program for New Construction and Substantial Rehabilitation, filed a complaint alleging that HUD had breached its Housing Assistance Payments Contracts ("HAP Contracts") by failing to increase rents at the agreed rate. Defendant filed a motion to dismiss, arguing that the claims are time-barred by the statute of limitations, and that one of the plaintiffs, Stone Vista, lacks privity of contract with defendant. After a full briefing and oral argument, this court grants defendant's motion to dismiss all claims except the alleged February 1991 breach involving Eden Gardens.

## FACTS

Section 8 of the United States Housing Act of 1937, as amended (42 U.S.C. 1437f) ("Section 8"), creates a statutory scheme pursuant to which defendant United States, through the Department of Housing and Urban Development (HUD), directly or indirectly subsidizes the rents of low-income individuals and families living in privately owned buildings. Plaintiffs Brown Park Estates–Fairfield Development Company ("Brown Park"), Eden Limited Partnership ("Eden Gardens"), Parish Square Apartments ("Parish Square"), Pine Hill Estates Limited Partnership ("Pine Hill"), and Stone Vista Apartments–Fairfield Development Company ("Stone Vista"), are owners of five different apartment projects—Brown Park Estates, Eden Gardens South Apartments, Parish Square Apartments, Pine Hill Estates Apartments, and Stone Vista Apartments—that participated in the Section 8 program.

Plaintiffs entered into Housing Assistance Payments Contracts (HAP Contracts) under Section 8, which obligated HUD to pay rent subsidies on behalf of the families living in plaintiffs' buildings. Brown Park entered into a HAP Contract with HUD in October 1980. Eden Gardens entered into a similar HAP Contract with HUD in January 1981. Pine Hill also entered into a HAP Contract with HUD in May 1978, as did Parish Square in December 1981. Unlike the other plaintiffs, Stone Vista entered into its HAP Contract not with HUD, but with the Housing Authority of the City of Shreveport, Louisiana (SHA) in December 1980.

HAP Contracts specify monthly rents for each dwelling unit covered by the agreement, termed the "contract rent." 24 C.F.R. § 880.201. Under a HAP Contract, the tenant pays the owner a portion of the rent, based on the tenant's income, and the government entity with which the owner contracts (in this case, either HUD or the SHA) pays a rent subsidy to the owner equal to the difference between the tenant rent and the contract rent. *See* 42 U.S.C. § 1437f(c)(3);

24 C.F.R. § 880.501(d)(1). Consistent with Section 8, the HAP Contract provides for annual adjustment of the contract rents. *See* 24 C.F.R. § 880.609.

Plaintiffs contend that defendant failed to properly adjust the rent subsidies under the HAP Contracts. As a result, plaintiffs seek to recover $698,874 in damages for these alleged breaches. Defendant filed a motion to dismiss claiming that plaintiff Stone Vista lacks privity of contract with defendant, and thus the court lacks jurisdiction, and that all the claims are time-barred by the statute of limitations.

## DISCUSSION

### Statute of Limitations

■ Defendant contends that all plaintiffs' claims should be dismissed because they are time-barred by the statute of limitations. The statute of limitations provides that

[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.

28 U.S.C.A. § 2501. This limitation is "jurisdictional in nature and, as an express limitation on the waiver of sovereign immunity, may not be waived." *Hart v. United States,* 910 F.2d 815, 818–19 (Fed.Cir.1990). Thus, if a party sues the United States beyond the six-year period during which the government has consented to be sued, the case must be dismissed for lack of jurisdiction. *Bray v. United States,* 785 F.2d 989, 992 (Fed.Cir. 1986).

■ A claim first accrues within the meaning of the statute of limitations "when all the events have occurred which fix the liability of the [g]overnment and entitle the claimant to institute an action." *Brighton Village Associates v. United States,* 52 F.3d 1056, 1060 (Fed.Cir.1995) (*quoting Kinsey v. United States,* 852 F.2d 556, 557 (Fed.Cir.1988)).

■ Plaintiffs claim that defendant breached its obligation under the HAP Contracts by failing to make rent adjustments. These claims thus accrued on the dates the government allegedly failed to make the required rent adjustments. *Brighton Village*

*Associates,* 52 F.3d at 1060. Brown Park's claim would have accrued when the government failed to make the rent adjustments in November 1987. Similarly, Eden Gardens' claims would have accrued in February of 1987, 1988 and 1991. Parish Square's claim would have accrued in December of 1986 and 1987 when the defendant allegedly breached its HAP Contract. Pine Hill's claims would have accrued in June of 1986 and 1987. Assuming that privity of contract existed between Stone Vista and defendant, Stone Vista's claim would have accrued in January 1987.

This suit was filed on October 28, 1994. The only claim filed within six years of the alleged breach was that of Eden Gardens where the alleged breach occurred in February 1991. All the other alleged breaches occurred more than six years before this complaint was filed.

■ Plaintiffs, however, contend that none of their claims are time-barred, as they fall within the continuing claim exception. "Under the continuing claim doctrine, periodic pay claims, which accrue at each successive pay period, may be brought if they fall within the statute of limitations." *Polite v. United States,* 24 Cl.Ct. 508, 510 n. 1 (1991). This exception, however, is narrowly construed. *Polite,* 24 Cl.Ct. at 510; *Waite v. United States,* 230 Ct.Cl. 731, 733 (1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 724, 74 L.Ed.2d 950 (1983). To fall within the continuing claim doctrine, a claim must satisfy two necessary characteristics:

First, the subject matter of the claim must not be one which Congress has entrusted to an administrative officer or tribunal for a determination of claimant's eligibility for the pay sought. Second, the case should involve narrow factual issues and should not involve the exercise of expertise and discretion.

*Polite,* 24 Cl.Ct. at 510. *See also Friedman v. United States,* 159 Ct.Cl. 1, 6–8 (1962), *cert. denied sub. nom. Lipp v. United States,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963).

■ Plaintiffs argue that defendant's breach of the HAP Contracts caused new

claims to arise which are not yet barred by the six-year statute of limitations. Plaintiffs contend that whenever a current rent subsidy is paid, HUD is paying less than would be due if the rent had been properly adjusted. Over the years, the difference in rent subsidy increases between the amount received by plaintiffs and the amount which should have been received if the HAP Contracts had been properly adjusted. Plaintiffs assert that this difference in amount paid and that which should have been paid if the government had properly adjusted the rents under the HAP Contracts constitutes a continuing claim against defendant. Therefore, plaintiffs contend, defendant is liable for the portion of their claims that arose during the six years *preceding* the filing of the present case, even if the claims originally arose more than six years before the filing of the complaint.

The continuing claim doctrine does not apply here, however, and thus all of plaintiffs' claims which accrued more than six years before the filing of this case are time-barred. Plaintiffs' claims do not satisfy the two characteristics necessary to fall within the doctrine's scope. The first prong requires that the subject matter of the claim be one which has *not* been "entrusted to an administrative officer." *Polite*, 24 Cl.Ct. at 510. Here, however, under the Section 8 statute as well as the HAP Contracts, rent adjustment determinations are clearly delegated to HUD. *See* 42 U.S.C.A. §§ 1437f(c)(2)(A)–(C); section 2.7 of Part II of the Brown Park HAP Contract; section 2.7 of Part II of the Donald S. and Dora A. Coleman HAP Contract (Re: Eden Gardens); section 2.7 of Part II of the Parish Square HAP Contract; section 2.7 of Part II of the Stone Vista HAP Contract; and section 1.8 of Part I of the Pine Hill HAP Contract.

Plaintiffs' claims also fail to meet the second prong of the continuing claim doctrine. The determination of plaintiffs' rent adjustments by HUD involved comparative studies of assisted and unassisted housing in a given market area. Such rent comparability determinations involved "the exercise of expertise and discretion," which further violates the continuing claim doctrine. *Polite*, 24 Cl.Ct. at 510. *See* section 2.7 of Part II of the Brown Park HAP Contract; section 2.7 of Part II of the Donald S. and Dora A. Coleman HAP Contract (Re: Eden Gardens); section 2.7 of Part II of the Parish Square HAP Contract; section 2.7 of Part II of the Stone Vista HAP Contract; and section 1.8 of Part I of the Pine Hill HAP Contract.

The continuing claim doctrine therefore does not apply to plaintiffs' claims. As the court in *Park Village Apartments v. United States* stated in a similar case:

> [U]nder the HAP contract, each year created a new set of obligations for each party. Even assuming HUD calculated the rent for one particular year improperly, under the terms of the contract, the next year HUD would be under a distinct and separate obligation to have the new rent not materially different from the rents charged for comparable unassisted units. In the event HUD failed to so modify the rents in a particular year, plaintiff had a new cause of action for the violation for that year.
>
> Thus, while the statute of limitations would bar all claims based on rents paid more than six years before the filing of the instant suit, it would not bar claims based on rent determinations that occurred within the six-year statute of limitations.

*Park Village Apartments v. United States*, 25 Cl.Ct. 729, 734 (1992).

*Privity of Contract*

■ Defendant also claims that because Stone Vista signed its contract with the Shreveport Housing Authority rather than with HUD, there is no privity of contract between Stone Vista and HUD, and that therefore this court lacks jurisdiction over Stone Vista's claim. For the reasons advanced by the defendant, this court agrees that it lacks jurisdiction over Stone Vista's claim.

### CONCLUSION

With the exception of the February 1991 claim by plaintiff Eden Gardens, therefore, defendant's motion to dismiss all claims as untimely is granted. Stone Vista's claim is

further dismissed for lack of privity of contract with defendant.