**Michael G. HURICK, Appellant,**

v.

**The Honorable John LEHMAN, Secretary of the U.S. Navy, Appellee.**

**Appeal No. 85–2305.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 1986.

---

Richard P. Fox, argued, Los Angeles, Cal., for appellant.

John S. Groat, argued, Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., for appellee. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett. Lieutenant Mark Williams, JAGC, USN, Dept. of the Navy, of counsel.

Before FRIEDMAN, BENNETT, and BISSELL, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from the judgment of the United States District Court for the Eastern District of California granting summary judgment dismissing the appellant's claim challenging his discharge from the U.S. Navy as barred by the statute of limitations. We affirm.

## I

The Navy honorably discharged the petitioner in February 1976 for "unsuitability." The petitioner twice sought relief from the Board for the Correction of Naval Records (Correction Board), which twice denied him relief. Before denying his second application for relief, the Board referred the petitioner to a physical evaluation board, which found that at the time of his discharge the petitioner was suffering from a schizoid personality that had existed prior to his entry into the service.

In June 1983, more than seven years after his discharge, the petitioner filed suit in the district court challenging his discharge as arbitrary, capricious, and contrary to applicable law and regulations. He sought a mandatory injunction, a writ of mandamus, and a declaratory judgment.

The district court held that the six-year statute of limitations, 28 U.S.C. § 2401 (1982), barred the complaint. The court held (1) that its jurisdiction over the case was based in part upon 28 U.S.C. § 1346(a)(2) (1982), (2) that under the Federal Courts Improvement Act of 1982, 28 U.S.C. § 1295(a)(2) (1982), this court would have exclusive jurisdiction over any appeal in the case, (3) that this court had adopted the decisions of the Court of Claims as binding precedent, and (4) that under those decisions the filing of an application with the Correction Board did not toll the statute of limitations during the pendency of the application. The court accordingly granted the government's motion for summary judgment dismissing the complaint.

The petitioner appealed the dismissal to the Court of Appeals for the Ninth Circuit. On the government's motion, that court transferred the case to this court, which it ruled had exclusive jurisdiction over the appeal.

## II

Although the government had moved to transfer the case from the Ninth Circuit to this court, approximately two months before oral argument and six weeks after it had filed its brief on the merits urging us

to affirm, the government moved to retransfer the case to the Ninth Circuit (or to dismiss the appeal). It argued that the Ninth Circuit and not this court has jurisdiction. At oral argument, however, the government again reversed its position and informed us that, after further extensive study and consideration, it had concluded that we have jurisdiction.

The government's action in dealing with the jurisdictional issue bordered on the irresponsible. We assume and expect that before moving to transfer, let alone retransfer, a case on jurisdictional grounds, the moving party will have fully studied and considered the jurisdictional issue and reached a considered and firm judgment on the correct position. The government's double shift of position on this issue betokens a casual approach to this important question that we cannot and do not condone.

At oral argument the appellant moved that we retransfer the case, arguing that the Ninth Circuit has exclusive jurisdiction.

■ We hold that we have jurisdiction of this appeal.

Under 28 U.S.C. § 1295(a)(2), this court has exclusive jurisdiction over an appeal from a district court where the jurisdiction of that court "was based, in whole or in part," upon 28 U.S.C. § 1346(a)(2). The latter section gives the district courts jurisdiction (concurrent with the United States Claims Court) over any "civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon ... any Act of Congress, or any regulation of an executive department...." We agree with the Ninth Circuit and the district court that the jurisdiction of the latter was based in part on section 1346(a)(2).

Although the appellant's complaint did not explicitly request money damages or cite that section as a jurisdictional basis, the complaint implicitly sought such relief. Cf. Maier v. Orr, 754 F.2d 973, 982 (Fed. Cir.1985). The complaint stated that in his second application to the Correction Board the petitioner requested "reinstatement in

the Navy on grounds of wrongful discharge" and "an award of all emoluments which he had been denied, based upon wrongful discharge." The complaint asserted that the decision of the Correction Board "was arbitrary, capricious, and contrary to law." The complaint also stated that the petitioner "specifically waives the right to any claim to damages in excess of Nine Thousand Nine Hundred and Ninety-nine and 99/100 ($9,999.99) Dollars." Cf. Maier, 754 F.2d at 981.

The relief the petitioner sought included the reversal of his discharge from the Navy and an award of "all emoluments" he lost as a result of his discharge. Among the emoluments would have been backpay to the date of discharge. This was a claim for money damages against the United States, over which section 1346(a)(2) gave the district court jurisdiction. As the district court noted, the conclusion that the petitioner was seeking money damages against the United States was "reinforced by the waiver of damages in excess of $10,000" (footnote omitted).

### III

■ The district court correctly held that the statute of limitations barred the complaint. Under the decisions of the Court of Claims, which are binding precedent in this court, *South Corp. v. United States*, 690 F.2d 1368 (Fed.Cir.1982), a claim based on an alleged unlawful discharge from the military service accrues on the date of discharge. *Wilson v. United States*, 231 Ct.Cl. 958 (1982); *Bonen v. United States*, 666 F.2d 536, 229 Ct.Cl. 144, *cert. denied*, 456 U.S. 991, 102 S.Ct. 2273, 73 L.Ed.2d 1286 (1981); *Kirby v. United States*, 201 Ct.Cl. 527 (1973), *cert. denied*, 417 U.S. 919, 94 S.Ct. 2626, 41 L.Ed.2d 224 (1974).

Under 28 U.S.C. § 2401 (1982), the appellant was required to have filed his complaint within six years "after the right of action first accrue[d]" on the date of his discharge. Concededly he did not do so. The statute of limitations therefore barred his complaint.

The appellant argues that the statute was tolled for the period in which his applications for relief were pending before the Correction Board. As appellant conceded in the district court, however, the Court of Claims has rejected that theory and has held that resort to a Correction Board is a permissive (rather than a mandatory) step, which does not suspend the running of the statute. *Wilson, supra; Eurell v. United States,* 566 F.2d 1146, 215 Ct.Cl. 273 (1977); *Kirby, supra.* Although the appellant urges us to follow contrary decisions of other circuits, under *South Corporation* we follow the decisions of our predecessor courts.

In an attempt to avoid the precedents of the Court of Claims, the appellant argues that he is challenging not his discharge from the Navy but only the refusal of the Correction Board to give him relief from that discharge. The Claims Court has rejected that theory on the ground that the failure of the Correction Board to set aside a military discharge does not give rise to a separate and independent claim, since that action is merely ancillary to the discharge that the former serviceman is seeking to change. *Cf. Friedman v. United States,* 310 F.2d 381, 159 Ct.Cl. 1 (1962), *cert. denied,* 373 U.S. 932, 83 S.Ct. 1540, 10 L.Ed.2d 691 (1963). No matter how the appellant seeks to frame his claim, in the final analysis he is challenging his discharge, and his attempt to do so was untimely.

The judgment of the United States District Court for the Eastern District of California is affirmed.

AFFIRMED.