928 F.2d 412
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronald BLACK, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5080.
 United States Court of Appeals, Federal Circuit.
 Feb. 19, 1991.
 
 Cl.Ct.
 VACATED AND REMANDED.
 Before PAULINE NEWMAN, LOURIE and CLEVENGER, Circuit Judges.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 This is an appeal from the February 23, 1990, order of the United States Claims Court, No. 90-171 C, dismissing appellant's complaint on the ground that the statute of limitations expired before appellant filed his claim. We vacate and remand.
 
 OPINION
 
 2
 For purposes of this appeal, the following facts are undisputed. In July 1978, appellant entered the United States Air Force and on October 24th was commissioned to the rank of second lieutenant. On October 30th, he was admitted to a Veterans Administration Hospital "suffering from paranoid delusions with a diagnosis of paranoid schizophrenia." In November 1978, appellant was transferred to Sheppard Air Force Base, in Texas, where he was diagnosed as having a "paranoid personality." Based on this diagnosis, he was honorably discharged on March 30, 1979.
 
 
 3
 Appellant states that on March 3, 1986, he discovered that the basis of his discharge was that he had a "paranoid personality," which left him ineligible for disability retirement benefits under 10 U.S.C. Sec. 1201, and not paranoid schizophrenia, which he states would have made him eligible. He then filed an application with the the Air Force Board for the Correction of Military Records (Board) to have his military records changed from "paranoid personality" to "paranoid schizophrenia." On November 21, 1989, the Board denied his application. On February 21, 1990, appellant filed a complaint in the Claims Court claiming that the Board's denial of his application was arbitrary, capricious, and contrary to the evidence.
 
 
 4
 The Claims Court, sua sponte, dismissed appellant's complaint on the ground that the statute of limitations for filing a claim had expired. This appeal followed, in which the issue is whether the Claims Court erred in dismissing appellant's cause of action on the ground that the statute of limitations, 28 U.S.C. Sec. 2501, expired before he filed his complaint.
 
 Section 2501 of Title 28 states:
 
 5
 Every claim of which the United States Claims Court has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.
 
 
 6
 (Emphasis added). The Claims Court determined that appellant's claim accrued on March 30, 1979, the date of his discharge. The court found that the six-year statute of limitations thus expired on or about April 1, 1985, almost five years before he filed his complaint, citing Hurick v. Lehman, 782 F.2d 984 (Fed.Cir.1986), and Lipp v. United States, 301 F.2d 674 (Ct.Cl.1962), to support its conclusion.
 
 
 7
 Appellant argues that the statute of limitations began to run on the date of denial of his application by the Board, that he failed to appreciate the seriousness of his illness, and that he was misled. The government contends that the Claims Court properly applied the statute of limitations from the date of appellant's discharge on the theory that what is being contested are the merits of that discharge, not the Board's decision. The government also argues that appellant had adequate notice of his potential disability prior to the date of his discharge and could have brought suit within six years of that date.
 
 
 8
 We review legal conclusions of the Claims Court de novo. Heisig v. United States, 719 F.2d 11153, 1158 (Fed.Cir.1983). Because we conclude that the court erred in its conclusion, we vacate.
 
 
 9
 For purposes of determining whether appellant's claim is barred by the statute of limitations, the allegations set forth in his complaint are accepted as true; the government does not argue otherwise. Appellant never contested the merits of his discharge. He discovered in March 1986 that he was discharged because of a "paranoid personality" diagnosis. He sought correction by the Board of his military records and his request was denied on November 21, 1989.
 
 
 10
 Claims of entitlement to disability retirement benefits generally do not accrue until an appropriate board either finally denies such a claim, or refuses to hear it. Real v. United States, 906 F.2d 1557, 1560 (Fed.Cir.1990). When the relevant board is the first to consider a claimant's eligibility for disability retirement benefits, and is not a reviewing tribunal, the cause of action accrues upon its final decision. Id. (citing Friedman v. United States, 159 Ct.Cl. 1, 25, 310 F.2d 381, 396 (1962), cert. denied, 373 U.S. 932 (1963)).
 
 
 11
 Similarly, the Board was the first agency board to consider appellant's request for correction of his military records; thus, under Real, his claim against the government accrued on November 21, 1989. Since appellant filed his complaint with the Claims Court within six years of that date, his claim was not barred by the statute of limitations; the Claims Court erred in concluding otherwise.
 
 
 12
 We do not agree with the government that appellant is actually contesting the merits of his discharge, and that his claim accrued at the time of discharge. Appellant has not asserted that his discharge was unlawful. He is seeking to have his military records corrected, relief that is not dependent on the merits of his discharge.
 
 
 13
 The government also argues that the statute of limitations was not tolled because appellant was aware, prior to his discharge, that he had been diagnosed as being a paranoid schizophrenic. The government did not raise this issue in the Claims Court and the court did not address it. We therefore will not consider it. See Hormel v. Helvering, 312 U.S. 552, 556-57 (1941).
 
 
 14
 Finally, we regard Hurick as inapplicable to the present case because, there, appellant challenged the lawfulness of his discharge and did not challenge on appeal the denial of his request for correction of military records. 782 F.2d at 985. The date of discharge was therefore the date on which the claim accrued, and appellant filed more than six years after that date, id.
 
 
 15
 In summary, appellant's claim did not accrue until the denial of his application for correction of his military records; therefore, his claim was not barred by 28 U.S.C. Sec. 2501. The decision of the Claims Court is vacated and the case is remanded for further proceedings.
 
 
 16
 Costs to appellant.