**Jonas SOSA, Sr., Plaintiff–Appellant,**

**v.**

**SECRETARY, DEPARTMENT OF DE-
FENSE; Secretary, United States De-
partment of the Army; United States
Attorney General; United States of
America, Defendants–Appellees.**

No. 02–5488.

United States Court of Appeals,
Sixth Circuit.

Sept. 24, 2002.

Before KENNEDY and MOORE,
Circuit Judges; DOWD, District Judge.*

Jonas Sosa, Sr., appeals a district court
order dismissing for lack of subject matter
jurisdiction his complaint filed pursuant to
the Tucker Act, 28 U.S.C. §§ 1346 & 1491.
The case has been referred to a panel of
the court pursuant to Rule 34(j)(1), Rules
of the Sixth Circuit. Upon examination,
this panel unanimously agrees that oral
argument is not needed. Fed. R.App. P.
34(a).

Seeking monetary and declaratory relief,
Sosa sued the Department of Defense and

* The Honorable David D. Dowd, Jr., United
States District Judge for the Northern District
of Ohio, sitting by designation.

the Department of the Army, alleging that the defendants refused to correct his military records to reflect that he suffered from a total medical disability in 1991. The district court concluded that it lacked subject matter jurisdiction over Sosa's claims; the court also declined to transfer the case to the United States Court of Federal Claims because Sosa's claims were barred by the statute of limitations. Therefore, the court dismissed the case. Sosa has filed a timely appeal.

■ Upon review, we conclude that the district court properly dismissed Sosa's complaint for lack of subject matter jurisdiction. This court reviews de novo the issue of subject matter jurisdiction. *Veda, Inc. v. U.S. Dep't of the Air Force*, 111 F.3d 37, 39 (6th Cir.1997). When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction. *Michigan S. R.R. v. Branch & St. Joseph Counties Rail Users Ass'n.*, 287 F.3d 568, 573 (6th Cir.2002).

The district court lacked subject matter jurisdiction over Sosa's claims under the Tucker Act. Pursuant to §§ 1346 & 1491, the United States Court of Federal Claims has exclusive jurisdiction over all claims, not sounding in tort, against the United States that are in excess of $10,000. *Veda, Inc.*, 111 F.3d at 39. A party cannot circumvent the Tucker Act's jurisdiction by suing solely for declaratory or injunctive relief in a case where such relief is tantamount to a judgment for money damages. *Id.* If the prime objective of the complaining party is simply to obtain money from the federal government, the case belongs in the Court of Federal Claims. *Id.*

The facts underlying Sosa's claims reveal that his primary objective is to obtain money from the federal government. While serving in the United States Army in 1990, Sosa suffered injuries to his back and right foot as the result of an accident. When Sosa continued to suffer from back pain for several months after the accident, the Army concluded that he was 10% disabled and, in December 1991, Sosa was honorably discharged. Following his discharge, Sosa continued to suffer from severe back pain. After Sosa received significant treatment for his back over the course of several years, the Department of Veterans Affairs concluded that he was 40% disabled by June 1998, 60% disabled by July 1998, and 80% disabled in May 1999. In 2000, Sosa was rated 100% disabled. In May 2000, Sosa petitioned the Army's Board for the Correction of Military Records (ABCMR) to change his service records to reflect that his separation from service was the result of a medical retirement, not an honorable discharge. (If Sosa had been determined to be 30% disabled or greater at the time of his separation from military service, he would have received a medical retirement and been entitled to greater benefits.) Sosa argued that he suffered from a greater degree of disability in 1991 than the military had determined and, therefore, he should have received increased disability benefits. The ABCMR denied his request, concluding that his medical condition had deteriorated over time and that the 10% disability rating in 1991 accurately reflected his condition at that time. Sosa then filed his present suit in federal court.

Sosa has not met his burden of demonstrating that the district court has subject matter jurisdiction over his claims. It is evident from his complaint that Sosa's main objective is to recover additional benefits from the federal government. Further, he does not dispute the government's contention that, if he were to succeed on his claims, the amount in question would exceed $10,000. Consequently, the Court of Federal Claims has exclusive jurisdic-

tion over his complaint, and the district court had no subject matter jurisdiction to consider the case.

■ The district court also concluded that it should not transfer the case to the Court of Federal Claims because Sosa's claims were barred by the statute of limitations. Pursuant to 28 U.S.C. § 1631, a district court, when it lacks subject matter jurisdiction over a case seeking review of an administrative action, shall transfer the civil action to the appropriate court for such review, if it is in the interests of justice. Although the district court acknowledged its authority to transfer the case, the court believed that the transfer would be futile because Sosa had not brought his claims within the applicable statutory period. Under 28 U.S.C. § 2501, a claim brought in the Court of Federal Claims must be filed within six years after the claim first accrues. The district court concluded that Sosa's claims accrued at the time of his discharge from the service in 1991; consequently, his November 2001 complaint was not filed within the six-year period set forth in § 2501.

We vacate the district court's decision not to transfer the complaint and remand this case for transfer of the complaint to the Court of Federal Claims to determine the statute of limitations issue. While the United States Court of Appeals for the Federal Circuit, which reviews appeals from the Court of Federal Claims, has concluded that an action challenging a military back pay or discharge decision accrues on the date of the plaintiff's discharge from military service, *see Hurick v. Lehman,* 782 F.2d 984, 987 (Fed.Cir.1986), other courts have determined that the statute of limitations begins to run when the military review board issues its decision. *Smith v. Marsh,* 787 F.2d 510, 511–

12 (10th Cir.1986); *Dougherty v. U.S. Navy Bd. for Corr. of Naval Records,* 784 F.2d 499, 501 (3d Cir.1986); *Geyen v. Marsh,* 775 F.2d 1303, 1308–09 (5th Cir. 1985). Further, the United States Court of Appeals for the Federal Circuit recently decided to reconsider en banc its rule set forth in the *Hurick* decision. *See Martinez v. United States,* 272 F.3d 1335 (Fed. Cir.2001).

The ABCMR's decision denying Sosa's petition was issued in April 2001, and Sosa filed his suit challenging this decision in November of the same year. Consequently, Sosa's suit would appear to be timely if his claim accrued upon issuance of the ABCMR's decision. In light of the Federal Circuit's reconsideration of the *Hurick* decision, the most prudent course of action in this case is to transfer Sosa's complaint to the Court of Federal Claims and allow that court to determine the timeliness of his complaint.

Accordingly, this court affirms the district court's decision that it lacked subject matter jurisdiction over this case. However, this court vacates the court's decision not to transfer the complaint and remands the case for transfer of the complaint to the United States Court of Federal Claims. Rule 34(j)(2)(C), Rules of the Sixth Circuit.