Kurt S. SPEHR, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 02–5057.

United States Court of Appeals,
Federal Circuit.

Oct. 8, 2002.

Rehearing Denied Dec. 3, 2002.

Before CLEVENGER, RADER, and LINN, Circuit Judges.

PER CURIAM.

Kurt S. Spehr ("Spehr") appeals from a decision of the Court of Federal Claims denying Spehr's motion for summary partial judgment and granting the government's partial motion to dismiss and cross motion for partial summary judgment. *Spehr v. United States*, 51 Fed. Cl. 69 (Fed.Cl.2001) (*"Spehr"*). Because we find no genuine issues of material fact or errors of law in the disposition of the case by the Court of Federal Claims, we *affirm*.

## BACKGROUND

In August of 1991, an administrative discharge board found that Spehr had a personality disorder that had caused performance problems in his service with the Coast Guard. The board recommended that Spehr be honorably discharged for unsuitability on the basis of this disorder. The final reviewing authority concurred in this recommendation, and on May 8, 1992, the Coast Guard issued Spehr a "Certificate of Release or Discharge from Active Duty" on the standard military form DD–214, listing the reason for separation as unsuitability, and listing Spehr's "reentry code" as RE–4 (not eligible for reenlistment).

In October of 1993, Spehr petitioned the Board for Correction of Military Records ("Board") to reverse the findings of the administrative discharge board. In his rebuttal to the subsequent advisory opinion of the Board, Spehr requested financial compensation in the amount of $1.8 million for, among other things, defamation of character, harassment, and lost pay potential. The Board denied Spehr's petition in its entirety.

After an initial filing in 1997 in district court in Florida, Spehr filed an amended complaint in the Court of Federal Claims in June of 1999, alleging wrongful discharge and seeking, inter alia, an award of back pay, voiding of his administrative discharge, retirement as an E–9, and complete neurological testing. Spehr also renewed his request for $1.8 million in damages. The Court of Federal Claims entertained a series of motions from both parties. Ultimately, it denied all of Spehr's motions for summary judgment; granted the government's motion for partial summary judgment with respect to Spehr's claim for back wages, allowances, and other claims ancillary to the wrongful discharge claim; and granted the government's motion to dismiss Spehr's remaining claims for lack of jurisdiction.

## DISCUSSION

### I. Summary Judgment

#### a

Spehr argued that he had been wrongfully discharged on the following grounds:

(1) his administrative discharge board was improperly composed of one commissioned officer and two chief warrant officers, in violation of internal Coast Guard regulations requiring that "administrative discharge boards shall consist of a minimum of three experienced commissioned officers," Art. 6–L–3, U.S. Coast Guard Administrative Investigation Manual (COMDTINST M5830.1) dated November 6, 1987; (2) he did not receive a required medical board proceeding, regarding the diagnosis of personality disorder, prior to his administrative discharge, in violation of Arts. 12.B.16.h and 12.B.16.j of the Coast Guard Personnel Manual; (3) the administrative discharge proceeding deprived him of a public hearing because his wife was excluded from the proceeding, and, contrary to regulations, the administrative record does not reflect the reason for her exclusion or for the departure of Master Chief Benson; (4) evidence obtained while Spehr was under psychiatric observation was used against him in violation of his right not to incriminate himself, as provided under the 5th Amendment to the Constitution and Article 31 of the Uniform Code of Military Justice; (5) Spehr's due process rights were violated through "command influence" exerted upon the administrative discharge proceeding; (6) Spehr was not allowed to complete a six-month probation period prior to the administrative discharge proceeding; and (7) the transcript of the administrative discharge hearing does not indicate that an oath was administered to the "court reporter." Spehr also argued that his discharge by the Coast Guard was legally ineffective, on the following grounds: (1) a discharge certificate (DD Form 214) was not delivered to Spehr on his scheduled date of discharge, making the discharge ineffective under 10 U.S.C. § 1168; and (2) the Coast Guard failed to pay him all of the final pay he was due upon discharge.

The Court of Federal Claims rejected each of these arguments in a thorough and carefully reasoned opinion. The court accordingly granted summary judgment to the government on Spehr's claims for back pay and allowances. The Court also granted summary judgment to the government on the following claims ancillary to the alleged wrongful or ineffective discharge: (1) Spehr's request that the court void his administrative discharge as illegal and remove the bar to his reenlistment; and (2) Spehr's request for "interim advancements," retirement as an E–9, and reissuance of his uniform.

b

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review legal determinations of the Court of Federal Claims, such as the grant of summary judgment, without deference. *Turner v. United States,* 901 F.2d 1093, 1095 (Fed.Cir.1990). Our review of the comprehensive opinion of the Court of Federal Claims and the record presented to us in this appeal has not revealed any genuine issues of material fact or errors of law. Spehr disagrees with the outcome at the Court of Federal Claims and vigorously attempts to reargue the merits of his case before us. However, as a court of appeals, our function is not to retry the merits of a case, but to review the judgment of the trial court for errors. *Polaroid Corp. v. Eastman Kodak Co.,* 789 F.2d 1556, 1558, 229 USPQ 561, 562 (Fed.Cir.1986) (noting that "we do not retry the case," nor may we "proceed on a paper record as though no trial had taken place.").

█ For example, Spehr argues that his discharge was wrongful, because his

5th Amendment and Article 31 rights against self-incrimination were denied to him as a result of the use of the Keesler staff psychiatrist's diagnosis at Spehr's administrative discharge board. In rejecting this argument, the Court of Federal Claims stated that "[a]n individual can invoke the privilege against self-incrimination in an investigatory proceeding only if he or she reasonably believes that the information is being sought for use in a subsequent state or federal criminal proceeding." *Spehr* at 87. This is a correct statement of the law. *Kastigar v. United States,* 406 U.S. 441, 444–45, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972). Spehr argues that he believed, at the time of his observation at Keesler, that he was being investigated under Article 32 of the Uniform Code of Military Justice, 10 U.S.C. § 832, and that charges were to be preferred against him under Articles 91 and 92, for insubordinate conduct and failure to obey an order. However, this argument fails to raise a genuine issue of material fact. Spehr can have had no reasonable belief that information developed in the course of his psychiatric observation at Keesler would be used against him in a criminal proceeding, because Spehr's commanding officer referred him to Keesler simply to "ascertain the status of RD1 Spehr's physical and emotional state," and Coast Guard investigations "are not intended to fix civil or criminal liability." Coast Guard Administrative Investigations Manual, Art. 1–A–4.c.

■ Similarly, Spehr argues that his discharge was legally ineffective under 10 U.S.C. § 1168 because the discharge form he signed on the date of his discharge had an error in it, apparently relating to the number of days of accrued leave paid, and he did not receive all of his final pay until one month after the date of his discharge. 10 U.S.C. § 1168 requires only that a dis-

charge certificate, and at least a "substantial part" of the final pay, be "ready for delivery" on the date of discharge. Spehr acknowledges that he signed a discharge form on the date of his discharge and retained a copy of that form, and that he "received a check for $872.00 as an initial installment of his final pay." *Spehr* at 90. A minor error in a discharge certificate that is "ready for delivery" on the date of discharge does not render that certificate legally invalid under 10 U.S.C. § 1168. Similarly, the delivery of more than half of the final pay owed satisfies the requirement in 10 U.S.C. § 1168 of delivery of a "substantial part" of the final pay. Spehr's arguments thus do not raise a genuine issue of material fact.

On the record before us, we find no basis to overturn the grant of summary judgment to the government on the claims set forth above.

## II. Dismissal

### a

The Court of Federal Claims dismissed Spehr's claim for reimbursement of travel and relocation expenses totaling $1,035.95 and Spehr's claim for medical treatment for his basal cell carcinoma and additional pay under 14 U.S.C. § 366, both on the ground that the claim was time-barred. The court also dismissed Spehr's claim that the Coast Guard discriminated against him by not transferring him to a civilian position and Spehr's claim of 5th and 14th Amendment due process violations, on the ground that no money-mandating provision of law was cited, depriving the Court of Federal Claims of jurisdiction. Lastly, the court dismissed Spehr's claim for compensation based on unlawful harassment and for special damages, on the ground that these claims sounded in tort and were specifically excluded from the Court of

Federal Claims' jurisdiction under 28 U.S.C. § 1491(a)(1).

### b

We review the grant of a motion to dismiss without deference. *Ledford v. United States,* 297 F.3d 1378, 1380 (Fed. Cir.2002). Spehr reargues the facts of his dismissed claims, but does not provide us with a legal basis for overturning the dismissal of those claims.

■ For example, Spehr argues that he has a right to treatment for his basal cell carcinoma under 10 U.S.C. § 366 because the staff psychiatrist at Keesler Air Force Base noted his history of the disease in the "Past Medical History" section of her report, he was treated shortly after his discharge date for basal cell carcinoma, and he received a disability rating for the disease from the ·Department of Veterans Affairs. However, the pertinent legal issue is not when Spehr developed basal cell carcinoma, but when he submitted his claim to the Court of Federal Claims. That occurred on October 4, 2001. *Spehr* at 93. Spehr's claim accrued, at the latest, on the date of his discharge, May 8, 1992. *See Hurick v. Lehman,* 782 F.2d 984, 986 (Fed.Cir.1986) (citing *Wilson v. United States,* 231 Ct.Cl. 958 (1982)). Spehr thus filed his claim for medical care under 10 U.S.C. § 366 more than nine years after his claim accrued. Spehr's claim is thus time-barred under 28 U.S.C. § 2501 ("Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues.").

Spehr raises no meritorious arguments warranting overturning the Court of Federal Claims' grant of the government's motion to dismiss and we find no errors of law in that decision. Accordingly, we affirm that judgment of the court.

### III.

■ Finally, Spehr moves for leave to "file a brief covering missing evidence." Evidence that was not submitted to the trial court is not part of the record on appeal. Fed. R.App. P. 10(a). We do not consider such evidence. *Jefferson Constr. Co. v. United States,* 177 Ct.Cl. 581, 368 F.2d 247, 249 (1966). Spehr does not explain why he moves at this late date to supplement the trial record and we see no basis on which to entertain such a request. Accordingly, we deny Spehr's motion. *Weinar v. Rollform Inc.,* 744 F.2d 797, 805, 223 USPQ 369, 373 (Fed.Cir.1984) (holding that parties "who give the trial court no opportunity to consider the propriety of an event at trial simply cannot ask an appellate court, sitting with but a cold record, to do so."); *Standard Oil Co. of Cal. v. United States,* 231 Ct.Cl. 86, 685 F.2d 1322, 1337 (1982) (denying a motion to supplement the record where movant gave "no convincing explanation for [his] belated attempt to augment the record.").

### CONCLUSION

The judgment of the Court of Federal Claims is *affirmed* in all respects.

Moreover, we conclude as a matter of law that the court correctly denied Spehr's claim for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(b), as Spehr did not prevail in any part of the action.