

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2003

# Jarrett v. Secretary Army

Precedential or Non-Precedential: Non-Precedential

Docket 02-3019

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Jarrett v. Secretary Army" (2003). *2003 Decisions*. Paper 834.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/834

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 02-3019

—————————

CLARENCE E. JARRETT,

Plaintiff-Appellant,

v.

THOMAS E. WHITE, Honorable,
Secretary of the Army,

—————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

(D.C. Civil No. 01-800)
District Judge:  The Honorable Gregory M. Sleet

—————————

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2003

(Filed: January 30, 2003)

BEFORE:  NYGAARD, AMBRO, and LOURIE,* Circuit Judges.

—————————

---

*        Honorable Alan D. Lourie, Circuit Judge for the United States Court of Appeals for
the Federal Circuit, sitting by designation.

OPINION OF THE COURT

_____

PER CURIAM.

DECISION

Clarence E. Jarrett appeals from the decision of the United States District Court for the District of Delaware dismissing certain counts of his complaint and granting summary judgment in favor of the defendant on the remaining counts. Jarrett v. White, No. 01-800, slip op. at 17 (D. Del. June 17, 2002). Because jurisdiction over this appeal lies in the United States Court of Appeals for the Federal Circuit, not this court, we transfer the appeal to the Federal Circuit.

DISCUSSION

Mr. Jarrett served in the Army from August 2, 1967, to April 3, 1969, at which time he was removed from the Army with an undesirable discharge. Id. at 3, 5. This case arises from Jarrett's attempts to upgrade the nature of his discharge from undesirable to honorable.

Soon after his discharge, in 1970, Jarrett requested that the Army Discharge Review Board upgrade his discharge. Id. at 5. The Review Board denied his request on March 18, 1971, id.; however, Jarrett alleges that he never received the Review Board's decision, and that he therefore assumed that his discharge had been upgraded. Only in

2

1997, when Jarrett sought and was denied medical treatment at a veterans hospital on the ground that he had been undesirably discharged, according to Jarrett, did he realize that his discharge status had not been changed.

Thereafter, on May 10, 1999, Jarrett applied to the Army Board for Correction of Military Records ("ABCMR") for a change in his discharge status. The ABCMR, however, denied Jarrett's request in a decision dated July 20, 2000. Id. On December 3, 2001, Jarrett filed suit in the United States District Court for the District of Delaware, seeking review of the ABCMR's decision on several statutory bases, including the Administrative Procedure Act ("APA"), 5 U.S.C. § 701; the Privacy Act, 5 U.S.C. § 552a(d); and the Little Tucker Act, 28 U.S.C. § 1346. Jarrett's Little Tucker Act claim included a claim for monetary damages in an amount of up to $10,000. Id. at 1. The court granted the Army summary judgment on Jarrett's APA challenge, id. at 16, and dismissed Jarrett's Privacy Act and Little Tucker Act claims on the ground that they were untimely. Id. at 8 (Little Tucker Act), 11 (Privacy Act). Following the Federal Circuit's decision in Hurick v. Lehman, 782 F.2d 984 (Fed. Cir. 1992), the court held that Jarrett's cause of action under the Little Tucker Act accrued at the time of his discharge in 1969, and that his 2001 complaint was therefore well after the date of the Little Tucker Act's six-year statute of limitations, as specified in 28 U.S.C. § 2501. Jarrett, slip op. at 8-11.

Jarrett has appealed the district court's decisions on his APA and Privacy Act claims. He concedes his Little Tucker Act claim, for purposes of this appeal, pending the Federal Circuit's consideration whether Hurick should be overruled, see Martinez v. United States, 272 F.3d 1335 (Fed. Cir. 2001) (order inviting parties and amici to file briefs

3

addressing whether <u>Hurick</u> should be overruled). Jarrett asserts that this court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Although the Army has not challenged Jarrett's jurisdictional assertion, we are obliged to examine that question <u>sua sponte</u> to assure ourselves that we have the power to decide this appeal. <u>Club Comanche, Inc. v. Virgin Islands,</u> 278 F.3d 250, 255 (3d Cir. 2002). We conclude that we do not.

The Little Tucker Act confers concurrent jurisdiction over certain claims against the United States on both the district courts and the United States Court of Federal Claims. With certain exceptions not relevant here, that act provides that:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
> ***
> (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2) (2000).[1]

One of Jarrett's claims was expressly based on the Little Tucker Act. Count IV of his complaint sought correction of his military records and "appropriate relief," including "any back pay and allowances up to and including the amount of $10,000.000 [sic], interest and the costs of this action." Amended Discharge Review Complaint at 11, <u>Jarrett</u> (No. 01-8000). Jarrett's other claims rested on different jurisdictional bases, <u>viz.</u>, the APA and the Privacy Act. Nonetheless, Jarrett invoked the district court's jurisdiction in part under the

---

[1] The so-called Big Tucker Act is codified at 28 U.S.C. § 1491 and grants the Court of Federal Claims exclusive jurisdiction over similar monetary claims against the United States regardless of the amount at stake.

Little Tucker Act.

Because the district court's jurisdiction was based at least partially on the Little Tucker Act, appellate jurisdiction rests exclusively in the Federal Circuit. This is so because, with certain exceptions not relevant here, 28 U.S.C. § 1295(a) provides that:

> The United States Court of Appeals for the Federal Circuit shall have <u>exclusive</u> jurisdiction —
> ***
> (2) of an appeal from a final decision of a district court of the United States . . . if the jurisdiction of that court was based, in whole or <u>in part</u>, on section 1346 of this title . . . .

28 U.S.C. § 1295(a)(2) (2000) (emphases added). In <u>United States v. Hohri</u>, 482 U.S. 64 (1987), the Supreme Court construed that statutory language, stating, "We hold that a mixed case, presenting both a nontax Little Tucker Act claim and an FTCA [Federal Torts Claim Act] claim, may be appealed only to the Federal Circuit." <u>Id.</u> at 75-76. The same result follows regardless of the nature of the other federal question claims (<u>i.e.</u>, whether they be FTCA, APA, or Privacy Act claims). <u>See</u> <u>Chabal v. Reagan</u>, 822 F.2d 349, 354 (3d Cir. 1987) ("[W]hen a monetary claim against the United States covered by the Little Tucker Act has been joined with a non-monetary claim in the district court, the Federal Circuit has exclusive jurisdiction over the appeal. . . . The regional circuits have uniformly recognized that all such appeals should be transferred to the Federal Circuit.") (citations omitted); <u>see also</u> <u>Rothe Dev. Corp. v. Dep't of Def.</u>, 262 F.3d 1306, 1316 (Fed. Cir. 2001) ("Under 28 U.S.C. § 1295(a)(2) (1994), this court has exclusive jurisdiction to hear appeals and decide all issues raised in cases in which the district court's subject matter jurisdiction is 'based, in whole or <u>in part</u>,' on the Tucker Act, 28 U.S.C. § 1346(a)(2) (1994).").

5

Jarrett's conditional concession of the Little Tucker Act claim for purposes of this appeal does not alter our jurisdictional analysis. The district court's jurisdiction was based on Jarrett's complaint. Subsequent events, especially those occurring after a Notice of Appeal was filed from the district court's decision, cannot alter the district court's jurisdiction basis. Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa., 605 F.2d 119, 123 (3d Cir. 1979).

We are aware of the case of Hahn v. United States, 757 F.2d 581 (3d Cir. 1985), in which this court did review non-Tucker Act claims in an ostensibly mixed case having Little Tucker Act claims and other claims. In Hahn, the plaintiff brought suit in the district court seeking both monetary and non-monetary relief. Id. at 585. On appeal, the court held that the monetary claim exceeded the $10,000 limit of the Little Tucker Act and remanded that portion of the case "to either permit the plaintiffs to amend their complaint to waive damages in excess of $10,000, or to transfer those claims to the [Court of Federal Claims]." Id. at 590. It went on to review the merits of the non-monetary claims, but did so because the size of the plaintiff's monetary claim meant that the district court's jurisdiction could not have been based at all on the Little Tucker Act; instead, the district court's jurisdiction was based on the other, non-monetary, claims. See also Shaw v. Gwatney, 795 F.2d 1351, 1356 (8th Cir. 1986). This case, unlike Hahn, but like the subsequent decision in Hohri by the United States Supreme Court, presents a genuine mixed case of a Little Tucker Act claim within its statutory monetary limit as well as other claims, and is therefore appealable only to the Federal Circuit because the district court's jurisdiction was truly based in part on the Little Tucker Act. The Hahn court itself noted that under

6

facts essentially the same as in this case, jurisdiction would lie in the Federal Circuit.

Hahn, 757 F2d. at 588 n.3 ("If plaintiffs have effectively waived claims in excess of

$10,000, then appellate jurisdiction would reside exclusively with the Court of Appeals for

the Federal Circuit.") (citing 28 U.S.C. § 1295).[2]

Because we hold that the Federal Circuit, not this court, has exclusive jurisdiction

over this appeal, we hereby transfer the appeal to the Federal Circuit, pursuant to 28 U.S.C.

§ 1631.

---

[2]     We also note that Hahn was decided before the Supreme Court in Hohri expressed disfavor of "bifurcated appeals," as might result under the Hahn approach.  Hohri, 482 U.S. at 69 n.3.

TO THE CLERK:

Please file the foregoing opinion.

_____

Circuit Judge