Oliver Stephen LEACH, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 03–5031.

United States Court of Appeals, Federal Circuit.

July 9, 2003.

Rehearing Denied Oct. 7, 2003.

Before MAYER, Chief Judge, MICHEL and RADER, Circuit Judges.

PER CURIAM.

Oliver Stephen Leach seeks review of the September 17, 2002 judgment of the United States Court of Federal Claims dismissing his complaint as barred by the statute of limitations. *Leach v. United States*, No. 01–CV–178 (Ct.Fed.Cl. Sept. 17, 2002). Because Leach failed to file within the statutory period, we *affirm.*

We review a decision by the Court of Federal Claims to dismiss a suit as barred by the statute of limitations, *de novo.* *Brown v. United States*, 195 F.3d 1334, 1337 (Fed.Cir.1999). Every claim over which the Court of Federal Claims has jurisdiction "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2000). A claim based on an alleged unlawful military discharge accrues upon the date of removal from the service. *Hurick v. Lehman*, 782 F.2d 984, 986 (Fed. Cir.1986). Because Leach's claim first accrued when he was discharged from the Army in 1983, his April 16, 1999 complaint and subsequent filings are time barred. *See id.*

Leach argues that the statute of limitations should be tolled until 1998, when the Army Board for Correction of Military Records ("ABCMR") issued a final denial of his claims. In *Martinez v. United States*, 333 F.3d 1295 (Fed.Cir. 2003), we recently reaffirmed the rule that a permissive appeal to a correction board does not toll the statute of limitations. *Hurick*, 782 F.2d at 987. Because Leach's appeal to the ABCMR was permissive, the statute of limitations is not tolled. Leach also argues that his claim is not time

barred under the doctrine of fraudulent concealment, alleging that the Army committed and concealed wrongful conduct. However, Leach's argument fails because a statute of limitations is tolled "only so long as the plaintiff is unaware of the wrong committed," and Leach was aware of the bases for his discharge when he left the Army in 1983. *Welcker v. United States*, 752 F.2d 1577, 1580 (Fed.Cir.1985).