**Geraldine TAYLOR, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 02–151 C.

United States Court of Federal Claims.

July 16, 2003.

Geraldine Taylor, pro se, Plaintiff.

Kent G. Huntington, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant, with whom were Todd M. Hughes, Assistant Director, David M. Cohen, Director, and Robert D. McCallum, Jr., Assistant Attorney General (and Steven D. Bryant, Department of the Army, Litigation Division, Military Personnel Branch, of Counsel).

## OPINION

DAMICH, Chief Judge.

### I. Introduction

*Pro se* Plaintiff Geraldine Taylor filed this claim, *in forma pauperis*, for back pay and correction of military records on February 27, 2002. Her claim, based on injuries allegedly suffered in an automobile accident that occurred in June 1976 during the time of her service in the United States Army, avers generally that she should have been entitled to a medical retirement from the Army upon her discharge in 1977 and that the Department of the Army Board for Correction of Military Records (ABCMR) made an unspec-

ified "mistake of law and manifest error" in 1981 in denying her claim for correction of her military record and for consequent disability retirement benefits. In February 2002, the ABCMR rejected Plaintiff's September 2001 request for reconsideration of its earlier decision, citing lack of evidence of fraud, mistake of law, manifest error, or substantial relevant new evidence.

Because of the strict six-year statute of limitations period that governs actions before the Court of Federal Claims, 28 U.S.C. § 2501, this Court is obliged to dismiss Plaintiff's claim for lack of subject matter jurisdiction.

## II. Background

Plaintiff served on active duty in the Army from July 16, 1974 to July 29, 1977, at which time she received an honorable discharge as a Specialist, pay grade B–4. In her complaint, Ms. Taylor alleges that "while on duty in uniform camouflage or civilian clothes, my red tag car was hit from behind in early 1976 [by a] '75 mustang 2+2 Ford Mustang" and that she was rushed to the hospital. According to the ABCMR's September 1981 Memorandum of Consideration, she "received a physical profile limitation for chronic L–S [lumbar-sacral] strain" on January 13, 1976. Nevertheless, upon physical examination in April of 1977, she was found "qualified for separation with a perfect physical profile."

Subsequent to her discharge from the Army, Ms. Taylor obtained from the Department of Veterans Affairs (the VA) a "rating decision," dated January 24, 1978, that appraised her with a "service-connected disability of 10% right bicepital tendonitis; 10% chronic lumbrosacral strain; 10% right knee condition; and 10% chronic cervical strain for a combined rating of 30%."

Plaintiff's VA rating, however, in the view of the ABCMR, did not sustain her 1980 application for correction of military records. Citing a 1980 review of her records by the Office of the Surgeon General (OTSG), the ABCMR concluded on September 2, 1981, that "an award of a VA rating does not establish that a member is entitled to medical retirement," "the opinion of the OTSG supports the conclusion that the applicant

was fit at the time" of her Army discharge, and "[t]he Army must find unfitness before a member can be medically retired." The ABCMR thus rejected her application to characterize her discharge as a medical retirement qualifying her for disability benefits.

It was not until September 27, 2001, that Plaintiff petitioned the ABCMR for reconsideration of its 1981 decision, which was returned to Plaintiff in February 2002 as unfounded. Plaintiff filed her complaint before this Court on February 27, 2002.

Defendant filed a motion to dismiss, pursuant to Rule 12(b)(1) of the Rules of the Court, for lack of subject matter jurisdiction. This Court stayed Plaintiff's responsive briefing on the motion to dismiss, pending an *en banc* decision of the Federal Circuit in the appeal of *Martinez v. United States,* 48 Fed. Cl. 851 (2001). The issues in *Martinez* were whether the case precedent of *Hurick v. Lehman,* 782 F.2d 984 (Fed.Cir.1986), which provides that allegedly unlawful discharge actions from the military accrue on the date of the discharge and that the statute of limitations is not tolled merely because a plaintiff elects to pursue optional administrative remedies such an appeal to a military records correction board, should be overturned.

On June 17, 2003, the Federal Circuit issued its *en banc* opinion in *Martinez,* 333 F.3d 1295 (Fed.Cir.2003), upholding the rule in *Hurick.*

## III. Discussion

As an initial matter, this Court understands the difficulties that a *pro se* party encounters in the legal system and recognizes that, as a *pro se* plaintiff, Ms. Taylor is held to less stringent standards in her pleadings than those applicable to plaintiffs represented by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). As the Federal Circuit has similarly noted, "the pleadings of pro se litigants should be held to a lesser standard than those drafted by lawyers when determining whether the complaint should be dismissed ... because '[a]n unrepresented litigant should not be punished for his failure to

recognize subtle factual or legal deficiencies in his claims.'" *Forshey v. Principi,* 284 F.3d 1335, 1357 (Fed.Cir.2002) (citing *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980)).

Furthermore, "In passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, unchallenged allegations of the complaint should be construed favorably to the pleader. The complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989) (internal citation omitted). Nevertheless, in considering a motion to dismiss for lack of subject matter jurisdiction, where the factual basis for jurisdiction is at issue, the court may weigh relevant evidence beyond the pleadings. *See Moyer v. United States,* 190 F.3d 1314, 1318 (Fed.Cir.1999).

It is not necessary, however, to belabor every aspect of Ms. Taylor's complaint because the statute of limitations is itself a jurisdictional prerequisite. *Jones v. United States,* 801 F.2d 1334, 1335 (Fed.Cir.1986) ("Compliance with the Claims Court's statute of limitations is jurisdictional."); *Coon v. United States,* 30 Fed.Cl. 531, 534 (1994) ("Compliance with the statute of limitations, in this court, is an explicit *jurisdictional prerequisite* for the commencement of suit.") (emphasis in original). Actions under the Tucker Act are subject to a six-year statute of limitations. 28 U.S.C. § 2501. Section 2501 provides that "[e]very claim of which the United States Court of Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." *Id.* The inquiry whether Plaintiff's complaint falls within the requisite period of limitations is crucial because the jurisdiction of the Court of Federal Claims is strictly limited to "the extent to which the United States has waived its sovereign immunity." *Inter–Coastal Xpress, Inc.*

*v. United States,* 296 F.3d 1357, 1365–66 (Fed.Cir.2002) (citing *Myers v. United States,* 50 Fed.Cl. 674, 682 (2001)). Waivers of sovereign immunity are narrowly construed, *id.* at 1365, and cannot be implied but must be unequivocally expressed. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). "It is well established that statutes of limitations for causes of action against the United States, being conditions on the waiver of sovereign immunity, are jurisdictional in nature." *Martinez,* 333 F.3d 1295, 1316–17.

It is also an established rule that "a claim 'first accrues' when all the events have occurred which fix the alleged liability of the defendant and entitle the plaintiff to institute an action." *Hopland Band of Pomo Indians v. United States,* 855 F.2d 1573, 1577 (Fed. Cir.1988). In *Hopland Band,* the Federal Circuit further elaborated that the general rule includes the requirement that "the plaintiff was or should have been aware of [the] existence" of such events. *Id.*

Plaintiff's complaint plainly evinces her awareness that she had been involved in an automobile accident in 1976, although it is unclear whether the complaint avers that she was on duty at the time of the accident.[1] It is also a fair inference that she was aware, or should have been, that she had received the physical profile limitation for "chronic L–S strain," either contemporaneous with that diagnosis on January 13, 1976,[2] or at least by the time of the September 1981 ABCMR memorandum of consideration denying her application for correction of records (as recited in the memorandum). It is a similarly fair inference that she was aware, or should have been, that, on April 25, 1977, the Army found her "qualified for separation with a perfect physical profile," either contemporaneous with that finding or at least by the time of the 1981 ABCMR memorandum of consideration (as recited in the memorandum).

---

1. Plaintiff's complaint recites that she was "on duty in uniform camouflage *or* civilian clothes" *with* her husband in the car when the accident occurred. Complaint at 2 (emphasis added).

2. Plaintiff's complaint recites only that the accident occurred in "early 1976." Complaint at 2. It is unclear whether the "chronic L–S strain" identified in the January 13, 1976, physical profile preceded the automobile accident or was caused by it.

In *Martinez*, in anticipation of which this case was stayed, the court observed that, "In a military discharge case, this court and the Court of Claims have long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." *Martinez*, 333 F.3d 1295, 1303–04. The court further firmly rejected the argument that a military discharge plaintiff's cause of action does not accrue until a correction board has entered a final decision denying an application for correction of military records. *Id.* Corrections boards are "a permissive administrative remedy" and an application for correction of records are "therefore not a mandatory prerequisite to filing a Tucker Act suit challenging the discharge." *Id.* at 1304–05. "[A] plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." *Id.* (citing *Brighton Vill. Assocs. v. United States*, 52 F.3d 1056, 1060 (Fed.Cir. 1995)). If construed as an action for correction of military records, therefore, Plaintiff's cause of action accrued upon her discharge in July 1977 and thus her suit filed before this Court on February 27, 2002, is clearly beyond the six-year statute of limitations period established by 28 U.S.C. § 2501.

As an action for disability retirement benefits, however, Plaintiff's cause of action does not necessarily accrue upon the date of her discharge from the military. "The generally accepted rule is that claims of entitlement to disability retirement pay do not accrue until the appropriate board either finally denies such a claim or refuses to hear it." *Real v. United States*, 906 F.2d 1557, 1560 (Fed.Cir. 1990); *Barney v. United States*, 57 Fed.Cl. 76, 84–85 (2003). Thus, "if the service member had neither requested nor been offered consideration by a retiring board prior to discharge, the later denial of his petition by the corrections board [is] the triggering event, not his discharge." *Real*, 906 F.2d at 1560..

---

**3.** The *Martinez* court further held that, "Just as the limitations period is not tolled by resort to a nonmandatory administrative remedy, a Tucker

In Ms. Taylor's respect, then, the triggering date for the start of this Court's six-year period of limitations would appear to be September 2, 1981, the date of the ABCMR decision, rather than July 29, 1977, the date of her discharge. In practical effect, however, Plaintiff is still out of time. Her six-year opportunity to file suit before this Court ran out long before her 2001 request to the ABCMR for reconsideration[3] of its decision 20 years earlier and before her 2002 action filed with this Court.

## IV. Conclusion

For the reasons stated above, Defendant's motion to dismiss is GRANTED and the Clerk of the Court is directed to dismiss Plaintiff's action for lack of subject matter jurisdiction.

Act cause of action does not accrue for a second time when the prospective plaintiff exercises such rights." *Martinez*, 333 F.3d 1295, 1312–13.