Charlie H. ELLIOTT, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 03–1879.

United States Court of Federal Claims.

June 30, 2004.

For Plaintiff: Charlie Elliott; Severn, MD; appearing pro se.

For Defendant: Douglas K. Mickle; Commercial Litigation Branch, Civil Division, United States Department of Justice; Washington, DC.

## OPINION

HODGES, Acting Chief Judge.

Plaintiff filed this action seeking separation pay that he was allegedly due in 1993, when he resigned from the United States Army rather than be discharged for misconduct. Defendant United States moved for dismissal pursuant to Rules of the Court of Federal Claims [hereinafter "RCFC"] 12(b)(1) and/or 12(b)(6) or, in the alternative, judgment on the administrative record. For the following reasons, Defendant's Motion to Dismiss is hereby GRANTED.

## I. Background

Plaintiff Charlie Elliott served at various ranks in the United States Army from 1986 until 1993. In early 1992, Mr. Elliott passed 15 worthless checks, with a total face value of $2,080, drawn on a closed bank account. This resulted in a reprimand from the Army on July 15, 1992. Approximately one month later, the Army began separation proceedings against him.

On December 16, 1992, Mr. Elliott tendered a Resignation in Lieu of Elimination Proceedings. Of particular relevance to this proceeding is paragraph 4 of the resignation form, which states in relevant part: "If this resignation is accepted, I understand that I will be entitled to separation pay (if other-

wise eligible) since I have been notified, in writing, by the GOSCA, that I must show cause for retention." Administrative Record [hereinafter "Record"] at 43. The Army accepted his resignation on March 3, 1993. He did not receive any separation pay.

Mr. Elliott filed a request with the Army Discharge Review Board in 1995. It is unclear exactly what Mr. Elliott sought, as his original correspondence is nowhere to be found in the administrative record for this case. In February of 1997, the Board informed Mr. Elliott that "your request for a change in the character and/or reason of your discharge has been denied." Record, 24. Mr. Elliott then filed an application with the Army Board for the Correction of Military Records [hereinafter "ABCMR"] seeking separation pay. This application was likewise denied in May of 1998. Mr. Elliott apparently engaged in further correspondence with the ABCMR, although the Record is incomplete. Most recently, in June of 2002, the ABCMR denied Mr. Elliott's request for reconsideration of his claim.

Mr. Elliott brings this action to collect the separation pay to which he believes he is entitled, and that should have been paid when he was discharged in 1993.

## II. Jurisdiction

This Court has jurisdiction to hear cases founded under the laws of the United States or the Constitution seeking monetary damages from the United States. 28 U.S.C. 1491(a)(1) (2004). This jurisdiction is subject to a number of limitations, including a 6–year statute of limitations on filing actions that begins to run on the date that the cause of action accrues. 28 U.S.C. § 2501 (2004). This limitation on suits against the United States "is a jurisdictional requirement attached by Congress as a condition of the government's waiver of sovereign immunity and, as such, must be strictly construed." *Hopland Band of Pomo Indians v. United States*, 855 F.2d 1573, 1576–77 (Fed.Cir. 1988). This Court is not to imply exceptions to this waiver. *Id.* at 1577.

■ A claim first accrues "when all the events have occurred which fix the alleged liability of the defendant and entitle the plaintiff to institute an action." *Id.* In the case of military service members who have been discharged, and are seeking payment related to their service, a service member can "sue immediately upon discharge for the funds improperly being withheld." *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir.2003). In Mr. Elliott's case, his cause of action accrued when he allegedly became due separation pay. As the pay was due on his date of discharge, his cause of action accrued on March 3, 1993. Because this date is more than 10 years prior to the filing of the immediate action, it falls outside of the applicable statute of limitations and this Court is unable to hear this case.

Elliott argues that the "time elapsed" due to the ABCMR's "backlogs" should not be held against his claim. Plaintiff's Response at 1. Implicit in the Plaintiff's argument are three, possibly mutually exclusive, assertions: (1) the claim does not accrue until after the plaintiff exhausts administrative remedies; (2) the claim does accrue at the time of discharge, but pursuing administrative remedies suspends the running of the statute of limitations; and (3) a new claim arises from a correction board's denial of the original claim. The Court of Appeals for the Federal Circuit, however, has emphatically rejected all three of these assertions.

■ In *Martinez*, the Federal Circuit held that resorting to a military correction board is a permissive administrative remedy, and therefore "does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." *Martinez* at 1304 (reaffirming *Hurick v. Lehman*, 782 F.2d 984, 986–87 (Fed.Cir.1986)). In *Hurick*, the court held that failing to obtain the desired remedy from permissive administrative proceedings "does not give rise to a separate and independent claim, since that action is merely ancillary" to the original claim. *Hurick* at 987. Under these decisions, Elliott's argument—the time during which he was pursuing a remedy before the ABCMR should not be held against his claim—is not a valid one.

The Federal Circuit has specifically declined to decide whether equitable tolling is available to plaintiffs under section 2501. *Martinez* at 1318. Were this doctrine available, this Court could examine individual cases and decide whether circumstances warranted waiver of the statute of limitations period. In dealing with military discharge cases, the Federal Circuit did note, however, that even if equitable tolling were available "there must be a compelling justification for the delay, such as 'where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" *Id.* Such misconduct has not been alleged in this case. Here, Elliott does not contend that the Defendant concealed material facts from him or misled him about the nature of his discharge. The Plaintiff concedes that at the time of his discharge, the U.S. Army explicitly denied him his separation pay. Plaintiff's Complaint at 1. By his own admission, when Elliott submitted his resignation, he believed he was promised and entitled to separation pay. *Id.* When he did not receive such pay upon discharge, he either knew or should have known that a claim existed. Therefore, there are no facts that would support tolling the statute of limitations through equitable tolling.

Elliott cites four cases in support of his position: *Barnes v. United States,* 57 Fed.Cl. 204 (2003); *Ainslie v. United States,* 55 Fed. Cl. 103 (2003); *Anderson v. United States,* 54 Fed.Cl. 620 (2002); and *Thumser v. United States,* 53 Fed.Cl. 371 (2002). Unfortunately, none of these cases offer him assistance, as none involve a suit filed after the applicable statute of limitations had expired. In fact, one of the cases Elliott cites is instructive on this point. The plaintiff in *Thumser* filed a complaint the same year in which he was discharged, and this Court twice stayed the case pending decisions by a correction board. *Thumser,* 53 Fed.Cl. at 373 (2002).

This Court is sympathetic to Mr. Elliott's plight, but is still, unfortunately, unable to hear the merits of his case. The fact that section 2501's statute of limitations runs while parties pursue administrative remedies works as a trap for the unwary and in this case may well have worked an injustice. Our sympathy, however, does not change the fact that we are unable to reach the merits of Mr. Elliott's claim.

## III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is GRANTED. Because this matter is dismissed, this Court issues no ruling on Defendant's Motion for Judgment on the Administrative Record.

IT IS SO ORDERED